### In re: COUNTRYWIDE FINANCIAL CORP. CUSTOMER DATA SECURITY BREACH LITIGATION.

#### MDL No. 1998.

United States Judicial Panel on Multidistrict Litigation.

Dec. 2, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL,* DAVID R. HANSEN and W. ROYAL FURGESON, JR., Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel** *: Plaintiff in the Middle District of Florida action now moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation either in the Western District of Missouri or the District of Kansas.[1] All responding parties agree that centralization is appropriate. At oral argument, movant and plaintiffs in more than twenty known actions narrowed their suggested transferee district to the District of Kansas. Some plaintiffs alternatively suggest the Central District of California, the Southern District of Florida, the Western District of North Carolina, the Northern District of Ohio or the Western District of Missouri. The Countrywide defendants[2] initially did not express a strong preference;[3] at oral ar-

---

2. Bank of America Corp.; Countrywide Financial Corp. (Countrywide); Countrywide Home Loans, Inc.; Countrywide Bank, FSB; and Full Spectrum Lending Division.

3. The Countrywide defendants generally suggested selection of a district in the Third, Sixth, Eighth or Eleventh Circuits or the Western District of North Carolina.

gument, they also stated that they now support selection of the District of Kansas.

This litigation currently consists of six actions listed on Schedule A and pending in five districts as follows: two actions in the Central District of California and one action each in the Southern District of California, the Middle District of Florida, the Southern District of Florida and the Western District of Missouri.[4]

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Western District of Kentucky will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to the alleged failure of Countrywide to limit access to and/or adequately safeguard private customer information in violation of the Fair Credit Reporting Act. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Given that this litigation involves 32 known actions pending throughout the United States, any number of districts would be an appropriate transferee forum. Accordingly, we have selected the Western District of Kentucky, where Judge Thomas B. Russell can guide this litigation ably.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Western District of Kentucky and, with the consent of that court, assigned to the Honorable Thomas B. Russell for coordinated or consolidated pretrial proceedings.

4. The Panel has been notified that 26 related actions are pending in various districts. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

## SCHEDULE A

MDL No. 1998 — **IN RE: COUNTRYWIDE FINANCIAL CORP. CUSTOMER DATA SECURITY BREACH LITIGATION**

*Central District of California*

*Edmond Moses, et al. v. Countrywide Financial Corp., et al.,* C.A. No. 2:08–5416

*Laila Elkhettab v. Countrywide Financial Corp., et al.,* C.A. No. 2:08–5809

*Southern District of California*

*Kim Wickman v. Countrywide Financial Corp., et al.,* C.A. No. 3:08–1668

*Middle District of Florida*

*Thomas A. Munz v. Countrywide Financial Corp., et al.,* C.A. No. 2:08–707

*Southern District of Florida*

*Richard Goldman, et al. v. Countrywide Financial Corp., et al.,* C.A. No. 0:08–61349

*Western District of Missouri*

*Matthew B. Martin v. Countrywide Financial Corp., et al.,* C.A. No. 4:08–666